Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50092 | **DATE** | 7/18/2003 |
| **CASE TITLE** | Reyes vs. Rockford Park District | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Defendant's motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss is granted in part and denied in part. Counts II, III, and IV are dismissed. Plaintiff is given until August 1, 2003 to file an amended complaint consistent with this opinion.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7-18-03 | |
| | | date mailed notice | |
| /LC | courtroom deputy's initials | 2003 JUL 18 PM 3:36 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

(Reserved for use by the Court)

Plaintiff, Juan Reyes, has filed a four-count complaint against defendant, the Rockford Park District ("District"). He alleges three federal claims, one under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981a (Count I), another based on 42 U.S.C. § 1983 for violating his right to procedural due process under the Fourteenth Amendment (Count II), and a third under 42 U.S.C. § 1988 for attorney's fees (Count III), and a supplemental state law claim under Illinois' Uniform Peace Officers' Disciplinary Act, 50 ILCS 725/1 ("UPODA") (Count IV). Jurisdiction and venue are proper based on 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331, 1367, 1391. Before the court is the District's motion to dismiss the complaint in its entirety for failure to state a claim, filed pursuant to Fed. R. Civ. P. 12(b)(6).

As an initial matter, Reyes concedes in his response brief that Count IV "should be dismissed as duplicative." He also seems amenable to dismissing Count III as well, though he does wish to preserve the claim asserted in that count "in whatever manner the court sees fit." In fact, this count is nothing more than a request for attorney's fees under § 1988 should Reyes succeed on Count I or II. As such, it need not be pleaded as a separate count but should simply be made part of the ad damnum clauses in the substantive counts. The motion to dismiss is therefore granted as to Counts III and IV. Plaintiff will be granted leave to amend his complaint to reallege his request for attorney's fees under § 1988.

Turning to Count II, Reyes alleges in his complaint he worked for the District as a police officer for approximately seven years. At some point the District fired Reyes and he claims the procedures it used to do so violated his right to due process. A procedural due process claim like the one Reyes alleges involves a two-step inquiry: first, the court must decide whether Reyes was deprived of a protected liberty or property interest; if so, then it must decide what process was due him. See Sonnleitner v. York, 304 F.3d 704, 711 (7th Cir. 2002).

As to the first prong, Reyes admits his allegation that he "enjoyed a liberty interest in his good name and reputation" (Compl. Count II ¶ 9) should be stricken because it "is surplusage and does not state a claim independent of the property interest alleged in Paragraph 7 of Count II." Jumping to Paragraph 7, Reyes alleges he had a constitutionally protected property interest in his continued employment as a District police officer. So far so good. But his only support for such a property interest, at least as he alleges in his complaint, is the UPODA – the very same statute the Seventh Circuit has held does *not* confer a protected property interest in continued employment for purposes of the Due Process Clause. See Cain v. Larson, 879 F.2d 1424, 1427 (7th Cir.), cert. denied, 493 U.S. 992 (1989). So instead Reyes argues in his response brief that he is asserting a protected property interest, not as a probationary police officer like the plaintiff in Cain, but as a non-probationary officer. This difference, according to Reyes, means he could only be fired "for cause" by virtue of a separate Illinois statute governing removal of police officers in municipalities with a civil service commission, 65 ILCS 5/10-1-18.1.[1] Yet as the District points out, this statute by definition applies only to municipalities "of more than 500,000 population." Id. ¶ 1. The total population of Rockford (a fact the court can take judicial notice of without converting the District's motion into one for summary judgment, see Barnett v. Daley, 32 F.3d 1196, 1198 (7th Cir. 1994)), is 150,115, far less than 500,000. See United States Census Bureau, Table DP-1. Profile of General Demographic Characteristics: 2000 for Rockford, Ill., available at http://factfinder.census.gov/bf/_lang=en_vt_ name=DEC_2000_SF1_U_DP1_geo_id=16000US1765000.html. And the population of the District is obviously even less than that. So 65 ILCS 5/10-1-18.1 is inapplicable. Perhaps there is another Illinois statute that might apply but Reyes has not cited it and the court will not do his research for him. As such, Reyes has failed to allege a protected property interest and Count II must be dismissed as pled.

That leaves Count I, a claim brought under Title VII.[2] The District argues this count should be dismissed because it goes beyond the scope of Reyes' EEOC charge. See generally Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). "The test for determining whether an EEOC charge encompasses the claims in a complaint . . . grants the Title VII plaintiff significant leeway: all Title VII claims set forth in a complaint are cognizable that are like or reasonably related to the allegations of the charge and growing out of such allegations." Id. (internal citations and quotations omitted). In his EEOC charge, Reyes claimed he was discriminated against because of his national origin (Mexico); in his complaint, he alleges he was discriminated against because of his race (Mexican-American). For the District to claim these two are not "reasonably related" is without merit. The difference between claiming the District discriminated against Reyes because he is from Mexico and claiming it did so because he is Mexican-American is too insignificant to matter, and it certainly is not comparable to the difference between, say, race and sex discrimination, as the District suggests in its brief.

For the reasons stated above, the District's motion to dismiss is granted in part and denied in part. Counts II, III, and IV are dismissed. Reyes is given until August 1, 2003, to file an amended complaint consistent with this opinion.

---

[1] Reyes actually cites to 65 ILCS 5/10-18.1 – a statute that does not exist. But Reyes' reference to Swick v. City of Chicago, 11 F.3d 85 (7th Cir. 1993), a case which discusses § 5/10-1-18.1, makes it clear that is the statute he had in mind.

[2] The District, apparently misreading Reyes' complaint, also insists that Reyes' claim under 42 U.S.C. § 1981 must be dismissed for various reasons. But Reyes has not alleged a § 1981 claim. Instead, he cites in his complaint to § 1981*a*, which simply sets out, among other things, the types of damages available in a Title VII intentional discrimination suit. See 42 U.S.C. §§ 1981a(a)(1), (b). Simply put, there is no § 1981 claim to dismiss. Nevertheless, the court finds it necessary to discuss one additional point the District did not raise. Section 1981a specifies that punitive damages are not available against a "government, government agency or political subdivision." Id. § 1981a(b)(1). It would seem the District is a political subdivision and Reyes' request for punitive damages thus should be struck. Reyes should consider this if he amends his complaint. If not, his request for punitive damages may be subject to a motion to strike under Rule 12(f).